## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **ROBERT L. MILLER,** ) | |
| ) | |
| **PLAINTIFF,** ) | |
| ) | |
| **VS.** ) | **CASE NO. 05-CV-245-FHM** |
| ) | |
| **JO ANNE B. BARNHART,** ) | |
| **Commissioner of the Social Security** ) | |
| **Administration,** ) | |
| ) | |
| **DEFENDANT.** ) | |

## ORDER

Plaintiff, Robert L. Miller, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1]  In accordance with 28 U.S.C. § 636(c)(1) & (3) the parties have consented to proceed before a United States Magistrate Judge.

The role of the Court in reviewing the decision of the Commissioner under 42 U.S.C. §405(g) is limited to determining whether the decision is supported by substantial evidence and whether the decision contains a sufficient basis to determine that the Commissioner has applied the correct legal standards. *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.,* 26 F.3d 1027, 1028 (10th Cir. 1994).  Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as

---

[1]  Plaintiff's February 20, 2003 application for Supplemental Security Income benefits was denied initially and upon reconsideration.  A hearing before an Administrative Law Judge (ALJ) was held August 31, 2004.  By decision dated September 10, 2004, the ALJ entered the findings which are the subject of this appeal.  The Appeals Council denied review of the findings of the ALJ on March 14, 2005.  The action of the Appeals Council represents the Commissioner's final decision for purposes of further appeal.  20 C.F.R. §§ 404.981, 416.1481.

adequate to support a conclusion. *Doyal v. Barnhart*, 331 F.3d 758 (10th Cir. 2003). The Court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *See Kelley v. Chater*, 62 F.3d 335, 337 (10th Cir. 1995); *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991).  Even if the Court might have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Services*, 961 F.2d 1495 (10th Cir. 1992).

Plaintiff was born August 31, 1950, and was 54 years old at the time of the hearing. [R. 69, 166].  He claims to have been unable to work since February 20, 2003, due to meningitis and encephalitis. [R. 171].  The ALJ determined that Plaintiff was diagnosed with encephalitis/meningitis in 1998 but that no medical documentation supports Plaintiff's claim of disability. [R. 18].  Based upon a report from a medical consultant who examined Plaintiff on behalf of the agency, the ALJ determined Plaintiff's medically determinable impairments of meningitis, hypertension and tinnitus with right ear hearing loss do not significantly limit his ability to perform basic work-related activities. [R. 19-20].  He found, therefore, that Plaintiff has not established the presence of a severe impairment as defined by the Social Security Act. [R. 20].  The case was thus decided at step two of the five-step evaluative sequence for determining whether a claimant is disabled.  *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

Plaintiff asserts the ALJ: 1) failed to perform a proper evaluation at step two; 2) failed to fairly and fully develop the record; and 3) failed to perform a proper credibility

determination. [Plaintiff's Brief, p. 1].  For the reasons discussed below, the Court affirms the decision of the Commissioner.

## Step Two Finding

At step two, the ALJ determines whether the claimant has an "impairment or combination of impairments which significantly limits [his] ... ability to do basic work activities." 20 C.F.R. § 404.1520(c). "An impairment or combination of impairments is not severe if it does not significantly limit [the claimant's] physical or mental ability to do basic work activities." *Id.* §§ 404.1521(a); 416.921(a); Social Security Ruling (SSR) 85-28, 1985 WL 56856, at *3. See also SSR 03-3p, 2003 WL 22813114, at *2.  It is the claimant's burden to demonstrate an impairment, or a combination of impairments, that significantly limits his/her ability to do basic work activities. See *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987); 20 C.F.R. § 404.1521.

Step two requires a "*de minimis*" showing of impairment. *See Hawkins v. Chater*, 113 F.3d 1162, 1169 (10th Cir.1997)(*citing Williams*, 844 F.2d at 751). However, the claimant must show more than the mere presence of a condition or ailment. *See Bowen*, 482 U.S., at 156; See also *Langley v. Barnhart*, 373 F.3d 1116, 1123 (10th Cir.2004) (step two designed to identify "at an early stage" claimants with such slight impairments they would be unlikely to be found disabled even if age, education, and experience were considered). "[T]he claimant must make a threshold showing that his medically determinable impairment or combination of impairments significantly limits his ability to do basic work activities...." *Williams*, 844 F.2d at 751. Unless the claimant makes a *"de minimis"* showing of medical severity, the evaluation process ends and the claimant is determined not disabled. *Id.*  Presumptively, if the medical severity of

3

a claimant's impairments is so slight that the impairments could not interfere with or have a serious impact on the claimant's ability to do basic work activities, irrespective of vocational factors, the impairments do not prevent the claimant from engaging in substantial gainful activity. *Id.*

In this case, the medical records show that Plaintiff was diagnosed with and treated for encephalitis/meningitis in 1998. [R. 136-138]. Plaintiff did not receive subsequent medical care. [R. 176]. Plaintiff was examined on May 5, 2003, by Angelo Dalessandro, D.O., on behalf of the Social Security Administration. [R. 120-127]. Dr. Dalessandro reported normal gait, gross and fine manipulation and full range of motion of all joints, including the lumbar and cervical spine, with lumbodorsal and shoulder joint tenderness reported. [R. 120-128]. His impression was: "Post status spinal meningitis, Loss of hearing, right ear, Rule out osteoarthritis, Hypertension." [R. 122]. There is no medical evidence in the record that contradicts or conflicts with Dr. Dalessandro's report.

Contrary to Plaintiff's argument the "fact sheet," apparently provided to the ALJ by counsel for Plaintiff and relied upon by Plaintiff as support for his claims of meningitis related symptoms, does not constitute medical evidence of a severe impairment. [R. 117-118]. The fact sheet is a publication from the Meningitis Research Foundation regarding possible after effects of meningitis.[2] As explained by the ALJ, nowhere in the record is there any documentation from medical sources that

---

[2] The opening line of the publication contains the statement: "Most people who get meningitis and septicaemia survive, often without any after effects..." While the fact sheet describes after effects most likely to be caused by meningitis, it also advises that "[m]ost people recover with no after effects and not all after effects are permanent." Thus, the fact sheet, if accorded weight as medical evidence, could also be viewed as contradictory of Plaintiff's claims.

support Plaintiff's claims of severe problems that the fact sheet describes. A claimant is responsible for furnishing medical evidence of claimed impairments. 20 C.F.R. § 404.1512(a), (c). Standing alone, Plaintiff's subjective complaints cannot establish a nonexertional impairment. *See Talley v. Sullivan*, 908 F.2d 585, 587 (10th Cir.1990) (per curiam) (subjective complaints alone insufficient to establish disability); 20 C.F.R. § 416.908 ("[a] physical ⋯ impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by [the claimant's] statement of symptoms."). Because Plaintiff's subjective claims regarding the physical limitations caused by meningitis are not supported by any objective medical evidence, the ALJ did not err in failing to find a severe impairment. Even though the required showing for step two of the evaluation process is *"de minimis*," Plaintiff has failed to make that showing. Thus, substantial evidence supports the ALJ's conclusion that Plaintiff failed to make a threshold showing that his medically determinable impairment or combination of impairments significantly limits his ability to do basic work activities.

### Development of the Record

Plaintiff's complaint that the ALJ should have ordered a neuropsychological evaluation based upon Dr. Dalessandro's characterization of his affect as "flat" is without merit. The Commissioner has the duty to ensure that an adequate record is developed relevant to the issues raised. *Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir.1997). However, with regard to ordering a consultative examination, the Commissioner "has broad latitude." *Diaz v. Secretary of Health & Human Servs.*, 898 F.2d 774, 778 (10th Cir.1990). "When the claimant has satisfied his or her burden" of presenting evidence suggestive of a severe impairment, "then, and only then, [it]

5

becomes the responsibility of the ALJ to order a consultative examination if such an examination is necessary or helpful to resolve the issue of impairment." *Hawkins*, 113 F.3d at 1167.

At the hearing, Plaintiff's representative told the ALJ that a "neuro-psych eval" might be helpful in determining the extent of the problem from the meningitis. [R. 185]. Plaintiff had already been examined by a medical consultant who found no evidence of neuro-psychological problems. [R. 120-127]. Plaintiff has failed to demonstrate a basis for requiring the ALJ to order an additional examination. To require further investigation, a claimant must raise the issue to be developed and show that it is substantial. "Specifically, the claimant has the burden to make sure there is, in the record, evidence sufficient to suggest a reasonable possibility that a severe impairment exists." *Hawkins*, 113 F.3d at 1167. Unless the medical evidence in the record is inconclusive, a consultative examination is not required for proper resolution of a disability claim. The ALJ does not have to exhaust every possible line of inquiry in an attempt to pursue every potential line of questioning. The standard is one of reasonable good judgment." *Hawkins*, 113 F.3d at 1168. The Court finds the ALJ did not err in refusing to order a neuropsychological evaluation.

## Credibility Determination

At step two, the severity determination is based solely upon medical factors. *Williams*, 844 F.2d at 750; *Williamson v. Barnhart*, 350 F.3d 1097, 1100 (10th Cir.2003) ("The step two severity determination is based on medical factors alone·"). As enumerated above, Plaintiff presented no medical evidence supporting his claim that he suffers the after effects of meningitis described in the fact sheet. The only

6

evidence Plaintiff submitted that he had severe symptoms was his testimony which the ALJ found not credible.  The ALJ explained his reasons for discounting Plaintiff's allegations and nothing in the record contradicts the ALJ's findings in this regard. Therefore, the Court finds no reason to deviate from the general rule to accord deference to the ALJ's credibility determination. *See James v. Chater*, 96 F.3d 1341, 1342 (10th Cir.1996) (witness credibility is province of Commissioner whose judgment is entitled to considerable deference).

## Conclusion

The Court finds the ALJ adequately developed the record and that he properly considered all of the medical evidence in the record in his determination that Plaintiff is not disabled at step two.  Accordingly, the decision of the Commissioner finding Plaintiff not disabled is AFFIRMED.

SO ORDERED this 27thday of June, 2006.

_Frank H. McCarthy_

**FRANK H. McCARTHY**
UNITED STATES MAGISTRATE JUDGE